UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James C. Smith, | No. 18-cv-2555 (WMW/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden of the Duluth Prison Camp, | |
| Respondent. | |

---

This matter comes before the undersigned United States Magistrate Judge upon Petitioner James C. Smith's Petition for Writ of Habeas Corpus. [Docket No. 1]. The present case has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**.

## I.    BACKGROUND AND STATEMENT OF FACTS

On August 29, 2013, Petitioner James C. Smith (hereinafter "Petitioner"), was sentenced to a 120-month term of imprisonment followed by a five-year term of supervision after he was convicted of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Winger Decl., [Docket No. 8], at 2). He currently has a projected release date of September 22, 2021. (Id.).

After he was sentenced, Petitioner was being held in Federal Prison Camp in Pekin, Illinois (hereinafter "FPC Pekin"). (Id.).

In August 2017, the BOP began to re-designate inmates from FPC Pekin, in order to convert the population at FPC Pekin from male to female. (Id. at 3). In accordance with the re-designation of inmates, Petitioner was moved to FPC Duluth and has been incarcerated at FPC Duluth since October 11, 2017. (Id.).

On August 24, 2018, Petitioner, an individual currently incarcerated at the Federal Prison Camp in Duluth, Minnesota (hereinafter "FPC Duluth"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Petition [Docket No. 1]). On September 11, 2018, the Court ordered Petitioner to file an Amended Petition for Writ of Habeas Corpus. (Order [Docket No. 3]).

On October 9, 2018, Petitioner filed a Motion to Amend Petition for Writ of Habeas Corpus. [Docket No. 4]. The Court granted Petitioner's Motion on October 22, 2018. (Order [Docket No. 5]). On November 21, 2018, the Warden of the Duluth Prison Camp (hereinafter "Respondent"), filed a response to Petitioner's Petition for Writ of Habeas Corpus. [Docket No. 7].

## II.  PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner, proceeding *pro se*, seeks judicial review of the Bureau of Prisons' ("BOP") decision to transfer him from FPC Pekin to FPC Duluth. (Petition [Docket No. 1]). Petitioner also challenges the BOP's interpretation of its "nearer release transfer policy" because the BOP found that pursuant to the policy, Petitioner is not yet eligible to be considered for a nearer release transfer. (Mot. to Amend [Docket No. 4]).

In the response, Respondent first argues that the Petition should be dismissed for lack of subject matter jurisdiction because a writ of habeas corpus is not the proper remedy for a condition of confinement claim. (Response, [Docket No. 7], at 3). Alternatively, Respondent argues that this

2

Court lacks jurisdiction to address Petitioner's claim because BOP's determination to re-designate Petitioner is exempt from judicial review. (Id. at 6). Lastly, Respondent argues that Petitioner's claim that the BOP misinterpreted Program Statement 5100.08 should be dismissed for failure to state a cognizable claim. (Id. at 8).

### A. DISCUSSION

#### i. Subject-Matter Jurisdiction

A habeas petitioner under § 2241 can only challenge the fact or duration of confinement. See, e.g., Heck v. Humphrey, 512 U.S. 477, 481 (1994); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). Challenges to the conditions of confinement cannot be addressed in a habeas proceeding. Mendez v. United States, No. 12-cv-28 (ADM/FLN), 2012 WL 1110138, at *2–3 (D. Minn. Jan. 24, 2012) report and recommendation adopted by 2012 WL 1110125 (Apr. 3, 2012). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger, 77 F.3d at 1073. "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his [] custody, the district court lacks the power or subject matter jurisdiction to issue a writ." Id. In short, challenges to the conditions of confinement, as opposed to the length or legality of detention, are not cognizable claims in habeas petitions in the Eighth Circuit. Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014).

In the present case, the Petition cannot be reasonably construed to be challenging the fact or duration of Petitioner's confinement. Instead, Petitioner challenges "being moved [to FPC Duluth] due to 'overcrowding,'" which he contends "was also totally false and a pretext to move prisoners against their will to facilities far from home." (Petition, [Docket No. 1], at 2). As relief

3

from this alleged constitutional violation, Petitioner seeks an Order from this Court to "allow his transfer to his near release residence." (Motion to Amend, [Docket No. 4], at 6).

To support his argument, Petitioner cites to Willis v. Ciccone, 506 F.2d 1011, 1014–15 (8th Cir. 1974), for the general proposition that, under certain circumstances, a federal prisoner could use a habeas corpus petition to challenge the conditions of his confinement, in addition to traditional habeas corpus petitions attacking the fact or duration of confinement.

In Willis v. Ciccone, a federal prisoner alleged that he had been placed in punitive isolation based on a false disciplinary report and without procedural due process. 506 F.2d 1011, 1013 (8th Cir. 1974). The Eighth Circuit acknowledged that it, along with several other circuits, had in the past viewed habeas as "an inappropriate method for challenging prison conditions." Id. at 1014; See also, Williams v. Steele, 194 F.2d 32, 34 (8th Cir. 1952) (holding that habeas corpus functions only "to deliver from prison those who are illegally detained" and that it is not available to prisoners challenging prison disciplinary measures on constitutional grounds). But Willis departed from this established rule and held that, under certain circumstances, a prisoner could use a habeas petition to challenge the conditions of his confinement. Willis, 506 F.2d at 1014–15.

The main reason given by the Willis court for its decision was what it perceived as an unfair disparity between the rights of state prisoners and the rights of federal prisoners. The Willis court explained that state prisoners could challenge the conditions of their confinement by suing under 42 U.S.C. § 1983. But federal prisoners could not sue under § 1983 (because federal officials do not act under color of state law) and thus had no means to challenge the conditions of their confinement. Therefore, the Willis court concluded, "[t]he only recourse for . . . challeng[ing] unconstitutional conditions in their confinement was the extraordinary remedy of habeas corpus." Id. at 1014. Consequently, the Willis court held that "habeas corpus is a proper vehicle for any

prisoner, state or federal, to challenge unconstitutional actions of prison officials." Id. at 1014. Even so, Willis specifically limited the availability of habeas in this context to "claims involving the deprivation of substantial rights." Id. at 1015; See also, Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (citing Willis).

As emphasized by Respondent, Willis was decided in 1974. Three years earlier, the Supreme Court had held in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics that a victim of an unconstitutional search could bring a civil action against the responsible federal officials. 403 U.S. 388 (1971). Subsequent cases expanded Bivens until it essentially became "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006). Today, a prisoner in federal custody may challenge the constitutionality of the conditions of his confinement under Bivens to the same extent that a prisoner in state custody may challenge the constitutionality of the conditions of his confinement under § 1983. See, Farmer v. Brennan, 511 U.S. 825 (1994).

In short, the lynchpin of Willis—the supposed disparity between the rights of state prisoners and the rights of federal prisoners—no longer exists. It is no longer true that federal prisoners would be unable to challenge the conditions of their confinement if they were barred from doing so in habeas actions. See, Taylor v. Roal, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *3 (D. Minn. Nov. 5, 2010).

The Eighth Circuit later held in Kruger v. Erickson—a case involving a state prisoner—that "[w]here [a] petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." 77 F.3d 1071, 1073 (8th Cir. 1996); See also, Pettersen v. Clarke, 82

F.3d 421 (8th Cir. 1996) (table opinion) (citing Kruger in affirming the district court's dismissal of a habeas petition that challenged conditions of confinement).

The inconsistency between Kruger and Willis has since been noted by many courts including this District. See, e.g., Shinault v. Roal, Case No. 10-cv-3575 (MJD/FLN), 2010 WL 3926874, at *1 (D. Minn. Oct. 1, 2010) ("Willis is directly at odds with . . . Kruger . . . ."). Nothing in either Kruger or Willis provides a continuing basis for treating federal prisoners differently from state prisoners. Indeed, under the rationale of Willis, neither federal prisoners nor state prisoners should be able to challenge the conditions of confinement in a habeas action, because both federal prisoners and state prisoners can now challenge the conditions of confinement in civil-rights actions—federal prisoners by bringing a Bivens action, and state prisoners by suing under § 1983. Petitioner has not suggested, and the Court cannot discern, why a federal prisoner should be able to challenge conditions of his confinement in a habeas action, when a state prisoner cannot (under Kruger). See, Spencer v. Haynes, 774 F.3d 467, 470 (8th Cir. 2014) (holding that a condition of confinement is distinct from the fact or length of the confinement and that a habeas petition is not the proper claim for a federal prisoner to remedy that type of alleged injury).

In the present case, Petitioner does not present any challenge to the validity of his conviction or the length of his detention; rather, Petitioner solely challenges the location where the remainder of his confinement should be carried out. (See, Petition [Docket No. 1]). Such a challenge is directed at a condition of and not the initial conviction leading to nor the length of Petitioner's continued confinement. See, Shannon v. Roy, No. 11-cv-3262 (JRT/FLN), 2012 WL 3779145, at *3 (D. Minn. Aug. 15, 2012); Hatten v. Rios, 9-cv-454 (JRT/SRN), 2009 WL 924535 (D. Minn. Mar. 31, 2009). Thus, as explained above, a Writ of Habeas Corpus is not the proper remedy for such a claim. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 489–90, 493 (1973);

Spencer, 774 F.3d at 469–70. Instead, such a claim must be raised in a separate civil proceeding. Ferch v. Jett, No. 14-cv-1961 (SRN/TNL), 2015 WL 251766, at *4 (D. Minn. Jan. 20, 2015) (citing Spencer and noting that "[t]he proper remedy for challenges to conditions of confinement is for the confined person to bring a claim . . . pursuant to Biven v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), if the alleged violators are federal actors). Because his claim concerns only the location where the remainder of his 120-month sentence should be served and does not challenge his federal conviction, sentence, or seek a remedy that would result in an earlier release from prison, Petitioner has raised a conditions-of-confinement claim that cannot be properly brought and maintained in a federal habeas action because this Court does not have subject matter jurisdiction over such a claim.

Accordingly, the Court recommends that Petitioner's Writ of Habeas Corpus, [Docket No. 1], be DENIED.

### ii. Petitioner's APA Claim

Even if this Court were to find that Petitioner had brought a proper habeas claim, this Court would still lack jurisdiction over Petitioner's claim because Petitioner is not entitled to a review of the BOP's placement decision under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. See, 18 U.S.C. § 3625.

The APA provides a cause of action for individuals experiencing a legal harm because of agency action and offers a means for holding agency actions unlawful when they are arbitrary, capricious, or an abuse of discretion. See, 5 U.S.C. § 706(2)(A). The APA also provides, however, that courts may not review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

Specifically, 18 U.S.C. 3621(b) states:

7

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Additionally, the BOP Program Statement 5100.08 gives the BOP discretion whether to transfer an inmate to a facility nearer his release residence.

It is well-settled that the BOP's determinations regarding prisoner placements are not subject to review under the APA. 18 U.S.C. § 3625 ("The provisions of [the APA] do not apply to the making of any determination, decision, or order under this subchapter [18 U.S.C. §§ 3621 et seq.]."). Although 18 U.S.C. § 3625 "does not preclude judicial review of BOP rulemaking . . . [it] may well preclude judicial review of BOP decisions applying the final rule and Program Statement to particular inmates." Gatewood v. Outlaw, 560 F.3d 843, 846 n.2 (8th Cir. 2009) (citing Lopez, 531 U.S. at 240; Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998)). Thus, "[t]o find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); Davis v. English, No. 12-cv-1483 (JNE/LIB), 2013 WL 1149526, at *6 (D. Minn. Feb. 27, 2013). Rather, the BOP "has the discretion to transfer federal prisoners from one place of confinement to another at any time for

8

any reason whatsoever or for no reason at all." Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983); Posey v. Dewalt, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999).

Courts in this District have also found that 18 U.S.C. § 3625 precludes judicial review of BOP discretionary decision under § 3621. See, Lipczynski v. Marques, No. 18-cv-1466 (JNE/BRT), 2018 WL 4956717, at *4 (D. Minn. Sept. 6, 2018), report and recommendation adopted, No. 18-cv-1466 (NEB/BRT), 2018 WL 4955236 (D. Minn. Oct. 12, 2018); Barakat v. Fisher, No. 13-cv-1296 (JNE/SER), 2013 WL 6058932 (D. Minn. Nov. 18, 2013) ("To the extent Barakat challenges the particular determination in his case of the RRC placement, the Court lacks subject matter jurisdiction to review the Bureau of Prison's ("BOP") discretionary decision[.]"); Davis, 2013 WL 1149526, *6 (D. Minn. Feb. 27, 2013) (allowing prisoners to bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625); Rios v. Fisher, No. 10-cv-4020 (PJS/TNL), 2012 WL 2814338, at *3 (D. Minn. June 19, 2012).

In Ambrose v. Jett, No. 13-cv-2343 (PJS/JSM), 2013 WL 6058989, at *7 (D. Minn. Nov. 15, 2015), for example, the Petitioner there challenged the BOP's determination not to transfer him to home confinement to serve the remainder of his imprisonment. The Court, however, held that it did not have jurisdiction to review the ultimate discretionary decision by the BOP under 18 U.S.C. § 3621 to decline to place the Petitioner in home confinement. Id. Likewise here, this Court does not have jurisdiction to review the BOP's determination to transfer Petitioner to any particular facility to serve the remainder of his confinement.

Consequently, because 18 U.S.C. § 3625 bars judicial review of Respondent's discretionary decision of whether or not to transfer Petitioner to a different facility, Petitioner's APA claim as a basis for Habeas relief should also be DENIED.

9

### iii.   Petitioner's Argument that the BOP Exceeded its Statutory Authority

"Nevertheless, judicial review remains for any allegations that the BOP's action is contrary to established federal law, violates the Constitution, or exceeds statutory authority." Ambrose, 2013 WL 6058989, *7 (citing Tapia v. United States, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b), . . . ." (emphasis added))).

In the present case, Petitioner also challenges the BOP's interpretation of its own nearer release policy and its decision not to grant Petitioner a nearer release transfer. (Petition, [Docket No. 1], at 2). Specifically, Petitioner argues that when he was transferred to FPC Duluth, he was told that he was "being moved due to 'overcrowding' which was also totally false and a pretext to move prisoners against their will to facilities far from home." (Id.). Petitioner also argues that the BOP's interpretation of the 18-month requirement in its nearer release policy is incorrect. (Id. at 4). Thus, liberally construing Petitioner's Petition, he alleges that the BOP exceeded its statutory authority.[1]

As previously mentioned, while the Court cannot review the BOP's ultimate placement decision because the Constitution confers no right upon a prisoner to choose a particular correctional facility, in some cases, a statute, rule, or BOP regulation may create "constitutionally cognizable liberty interests." See, Albers, 665 F.2d at 815 (listing cases in which BOP regulations or state statutes created liberty interests). A "liberty interest" is freedom from any restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In order to prove that such an interest is

---

[1] "[A]s a general rule a pro se habeas petition must be given a liberal construction." Frey v. Schuetzle, 78 F.3d 359, 361 (8th Cir. 1996).

being deprived, Petitioner must show that the deprivation "inevitably affect[s] the duration of his sentence." Id. at 487 (emphasis added); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996).

As evident from the language of 18 U.S.C. § 3621(b) and BOP Program Statement 5100.08 previously discussed, neither rule creates constitutionally cognizable liberty interests. See, Jordan v. Longley, 2008 WL 4691813, at *8 (D.S.D. Oct. 20, 2008). While 18 U.S.C. § 3621(b) contains "particularized substantive standards or criteria" to help the BOP determine which correctional facility is suitable for an inmate, it does not require the BOP to transfer a prisoner to a particular facility. See, 18 U.S.C. § 3621(b). Indeed, the statute plainly grants the BOP the discretion to designate "any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP]." Id. Nor does BOP Program Statement 5100.08 create a cognizable liberty interest in Petitioner being placed at any particular correctional facility. This BOP policy does not mandate which correctional facility the BOP should house an inmate, but rather, it sets forth only parameters to be considered for transfers. See, Jordan v. Longley, 2008 WL 4691813, at *8 (D.S.D. Oct. 20, 2008).

To the extent that Petitioner argues that the reason he was transferred to FPC Duluth was a "pretext," his allegation is unsupported by the record. As previously discussed, the reason Petitioner was re-designated from FPC Pekin to FPC Duluth was because FPC Pekin was being converted from an all-male to an all-female prison. Thus, Petitioner's allegation is unsupported by the record.[2]

---

[2] To the extent that Petitioner argues that the BOP's interpretation of the 18-month requirement in its nearer release policy is incorrect, the BOP appears to be acting consistent with its policy. Under the nearer release policy of the Federal Bureau of Prisons ("BOP"), an inmate incarcerated 500 miles or more from either their eventual release destination or legal residence may be considered for transfer to a facility that is closer to either of the two. (See, Winger Decl., Ex. A, [Docket No. 8-1] at 6). To be eligible for nearer release transfer, an inmate must serve 18 consecutive months of "clear conduct" in a general population. (Id.). The BOP interprets this policy as requiring 18 consecutive months at each institution. (See, Winger Decl., [Docket No. 7], at 2). The BOP's interpretation of its nearer release policy appears to be consistent with BOP Program Statement 5100.08.

Notably, Petitioner has not specifically pointed to any illegal or unconstitutional action taken by the BOP, nor has Petitioner alleged that serving the remainder of his sentence in any particular facility will adversely affect the duration of his sentence. Instead, the BOP was well within its discretion to deny Petitioner's request for a nearer release transfer. Brown-Bey, 720 F.2d at 470 (if petitioner "wants to be transferred closer to his family and friends, he fails to state a cognizable federal claim"). Thus, Petitioner has failed to state a claim cognizable on federal habeas review, and his Petition should therefore be DENIED.

Accordingly, this Court recommends that Petitioner's Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**.

### III. CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. James C. Smith's Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**; and

2. This action be **DISMISSED with prejudice**.

Dated: April 23, 2019  
s/Leo I. Brisbois  
Leo I. Brisbois  
U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).